Richard L. **VERRILLI**, Plaintiff-Appellant, Cross-Appellee,

v.

**CITY OF CONCORD et al.**, Defendants-Appellees, Cross-Appellants.

Nos. 75–1542, 75–2157.

United States Court of Appeals, Ninth Circuit.

July 11, 1977.

Wayne Canterbury, Graham & James, San Francisco, Cal., argued for appellant.

Mark F. Commerford, Asst. City Atty., Concord, Cal., argued for appellees.

Before MERRILL, KILKENNY and AN-DERSON, Circuit Judges.

PER CURIAM:

Appellant seeks a belated recall of the mandate in this case. A response in opposition has been filed and considered. The case is reported at 548 F.2d 262 (1977). The sequence of principal events leading to this posture is as follows:

This case was argued and submitted on September 8, 1976.

The opinion was filed January 3, 1977, and in Part III thereof dealing with a district court award of attorney's fees (548 F.2d at 266), against the City of Concord we remanded for a determination of "the existence or nonexistence of bad faith", basing our decision on *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which held that the private attorney general theory for an award of attorney's fees could not be justified.

The Civil Rights Attorney's Fees Act of 1976 (Act) became law on October 19, 1976. Public Law 94–559, 90 Stat. 2641, 1965 U.S. Code Cong. & Ad.News, 42 U.S.C. § 1988.

This Act vested discretion in the district court to award attorney's fees in civil rights cases.

None of the parties brought this Act to the attention of this panel while the appeal was pending.

On February 2, 1977 (reh. den. March 28, 1977), this court decided *Stanford Daily v. Zurcher*, 550 F.2d 464. In accordance with clear legislative intendment the Act was held to apply to all cases pending on appeal on October 19, 1976.

After conducting hearings on remand in this case the district court found no evidence of "bad faith such as to justify an award of attorney's fees", and denied appellant's motion for attorney's fees (Order of May 6, 1977). The district court declined to invoke the Civil Rights Attorney's Fees Act of 1976 and the holding of this court in *Stanford Daily*, stating, ". . . this Court is bound by the terms of the remand in this case and it remains with the Ninth Circuit, not this Court, to reconsider the holding that there is no statutory authorization for an award of attorney's fees."

■ Because of an overpowering sense of fairness and a firm belief that this is the exceptional case requiring recall of the mandate in order to prevent an injustice, we act to free the hand of the district court from any strictures of the "law of the case" on the former remand. *Aerojet-General Corp. v. American Arbitration Ass'n*, 478 F.2d 248 (9th Cir. 1975); *Greater Boston Television Corp. v. F. C. C.*, 149 U.S.App. D.C. 322, 463 F.2d 268 (1971). Our prior ruling was not merely an erroneous one, *Powers v. Bethlehem Steel Corporation*, 483 F.2d 963 (1st Cir. 1973); it was an unintended unjust result in that it deprived the appellant of a lawful statutory right to invoke the discretion of the district court under the Act and the holding in *Stanford Daily*.

CONCLUSION

First, the mandate is recalled.

Second, Part III of our decision of January 3, 1977, dealing with attorney's fees only (548 F.2d at 266) is withdrawn.

■ Third, on the attorney's fees issue the case is remanded to the district court to reconsider that question in light of the facts, the Civil Rights Attorney's Fees Act of 1976, and *Stanford Daily v. Zurcher.* We note· that the Act is discretionary and we express no opinion on the merits of the issue.

IT IS SO ORDERED.