Shereen Ramona ZIPFEL, Individually and as Administratrix of Ian Charles Zipfel, deceased, Plaintiff–Appellant,

v.

HALLIBURTON COMPANY; Atlantic Richfield Company; Crowley Maritime Corporation; Brinkerhoff Maritime Drilling, Inc.; Continental Oil Company (Conoco, Inc.); Hudson Bay Oil & Gas Company, Ltd.; Hudbay Oil, Ltd. (Indonesia); Brinkerhoff Maritime Drilling, Ptd, Ltd.; Hudbay Oil (Malacca), Ltd.; Dome Petroleum, Ltd.; Dome Petroleum Corporation; Arco Oil and Gas Corporation; PT Airfast Services Indonesia; and Exquisitor Helicopter Corporation, Defendants–Appellees.

Ten Fong CRAIG, Individually and as Administratrix of the Estate of William Henry Craig, deceased, Plaintiff–Appellant,

v.

ATLANTIC RICHFIELD COMPANY; Crowley Maritime Corporation; Brinkerhoff Maritime Drilling, Inc.; Continental Oil Company (Conoco, Inc.); Hudson Bay Oil & Gas Company, Ltd.; Hudbay Oil, Ltd. (Indonesia); Brinkerhoff Maritime Drilling, S.A.; Brinkerhoff Maritime Drilling, PTE, Ltd.; Hudbay Oil (Malacca), Ltd.; Dome Petroleum Ltd.; Dome Petroleum Corporation; PT Airfast Services Indonesia; and Exquisitor Helicopter Corporation, Defendants–Appellees.

Chan Luck CHEE, Plaintiff–Appellant,

v.

McCLELLAND ENGINEERS, INC.; McClelland Engineers, S.A.; McClelland Engineers SDN. BHD.; Halliburton Company; Atlantic Richfield Company; Crowley Maritime Corporation; Brinkerhoff Maritime Drilling, Inc.; Continental Oil Company (Conoco, Inc.); Hudson Bay Oil & Gas Company, Ltd.; Hudbay Oil, Ltd. (Indonesia); Brinkerhoff Maritime Drilling, S.A.; Brinkerhoff Maritime Drilling, PTE, Ltd.; Dome Petroleum, Ltd., Dome Petroleum Corporation; Arco Oil and Gas Corporation; PT Airfast Services In-

donesia; and Exquisitor Helicopter Corporation, Defendants–Appellees.

Vyner Gerard ALBUQUERQUE,
Plaintiff–Appellant,

v.

OCEANEERING INTERNATIONAL, INC.; Oceaneering International, SDN, BHD.; Halliburton Company; Atlantic Richfield Company; Crowley Maritime Corporation, Brinkerhoff Maritime Drilling, Inc.; Continental Oil Company (Conoco, Inc.); Hudson Bay Oil & Gas Company, Ltd.; Hudbay Oil, Ltd. (Indonesia); Brinkerhoff Maritime Drilling, PTE, Ltd. Hudbay Oil (Malacca), Ltd.; Dome Petroleum, Ltd.; Dome Petroleum Corporation; Arco Oil and Gas Corporation; PT Airfast Services Indonesia; and Exquisitor Helicopter Corporation, Defendants–Appellees.

Patrick Paul GRUNKE,
Plaintiff–Appellant,

v.

ATLANTIC RICHFIELD COMPANY; Crowley Maritime Corporation; Brinkerhoff Maritime Drilling, Inc.; Continental Oil Company (Conoco, Inc.); Hudson Bay Oil & Gas Company, Ltd; Hudbay Oil, Ltd. (Indonesia); Brinkerhoff Maritime Drilling, S.A.; Brinkerhoff Maritime Drilling PTE, Ltd.; Hudbay Oil (Malacca), Ltd.; Dome Petroleum, Ltd.; Dome Petroleum Corporation; Arco Oil and Gas Corporation; PT Airfast Services Indonesia; and Exquisitor Helicopter Corporation, Defendants–Appellees.

Nos. 86–1815, 86–1832, 86–1834
to 86–1836.

United States Court of Appeals,
Ninth Circuit.

Nov. 16, 1988.

Before SCHROEDER, WIGGINS and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Defendants-appellees Halliburton Company, et al. ("Halliburton"), move this court to recall the mandate, issued pursuant to our amended opinion in this case, *Zipfel v. Halliburton Co.*, 832 F.2d 1477 (9th Cir. 1987). Halliburton contends that our opinion conflicts with the subsequent decision of the Supreme Court of the United States in *Chick Kam Choo v. Exxon Corp.*, —— U.S. ——, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). We agree. We order the mandate recalled and we amend our opinion as set out below.

## 1. *Authority to Recall Mandate*

■ The authority of a Court of Appeals to recall its mandate is clear. *Aerojet–General Corp. v. American Arbitration Association*, 478 F.2d 248, 254 (9th Cir.1973). While the authority is not con-ferred by statute, *id.*, it exists as part of the court's power to protect the integrity of its own processes. *Perkins v. Standard Oil*, 487 F.2d 672, 674 (9th Cir.1973), citing *Briggs v. Pennsylvania R.R. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948); *Samson Tire & Rubber Corp. v. Rogan*, 140 F.2d 457 (9th Cir.1943); *Huntley v. Southern Oregon Sales, Inc.*, 104 F.2d 153, 155 (9th Cir.1939); *accord, Petersen v. Klos*, 433 F.2d 911, 912 (5th Cir. 1970). The authority may be exercised for "good cause" or to "prevent injustice." *Aerojet–General* at 254; *Verrilli v. City of Concord*, 557 F.2d 664, 665 (9th Cir.1977). This power, however, should be exercised only in exceptional circumstances. *Johnson v. Bechtel Associates Professional Corp.*, 801 F.2d 412, 416 (D.C.Cir.1986). Whether the power is exercised at all falls within the discretion of the court, but such discretion should be employed to recall a mandate only when good cause or unusual circumstances exist sufficient to justify modification or recall of a prior judgment. *American Iron and Steel Institute v. EPA*, 560 F.2d 589, 594–95 (3d Cir.1977), *cert. denied*, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978).

■ When a decision of the Supreme Court "departs in some pivotal aspects" from a decision of a federal appeals court, recall of a mandate may be warranted to the extent necessary " 'to protect the integrity' " of the court of appeals' prior judgment. *American Iron and Steel*, 560 F.2d at 596. Modification of a prior judgment also promotes uniformity in judicial decisionmaking and in the treatment of litigants. *Id.* at 597–98.

The recent Supreme Court decision in *Chick Kam Choo* departs in a pivotal aspect from our decision of the injunction issue in this case. The effect of this departure is to overrule our resolution of the injunction issue, at least in part. We, therefore, exercise our power to recall the mandate and amend the opinion "[b]ecause of an overpowering sense of fairness and a firm belief that this is the exceptional case requiring recall of the mandate in order to

prevent an injustice...." *Verrilli,* 557 F.2d at 665.

## 2. Variance Between Chick Kam Choo and This Case

### a. Supreme Court Analysis in Chick Kam Choo

As in the present case, *Chick Kam Choo* involved application of the third exception to the Anti–Injunction Act, 28 U.S.C. § 2283 (1982). Under this exception, a federal district court may grant an injunction staying relitigation in state court "to protect or effectuate its judgments."[1]

The facts in *Chick Kam Choo* are similar to those presented in this case. In *Chick Kam Choo,* a Singapore resident was killed in Singapore while repairing a ship owned by the foreign subsidiary of a United States corporation. His widow brought suit in federal district court in Texas. She presented claims under the Jones Act, 46 U.S.C.App. § 688 (1982), the Death on the High Seas Act ("DOHSA"), 46 U.S.C.App. § 761 et seq. (1982), the general maritime law of the United States, and the Texas Wrongful Death Statutes, Tex.Civ.Prac. & Rem.Code Ann. §§ 71.001–71.031 (1986). *Chick Kam Choo,* 108 S.Ct. at 1687. The district court granted the defendants' motion for summary judgment on the Jones Act and DOHSA claims, finding these statutes inapplicable. *Id.* at 1688. As to the general maritime law claim,

> [T]he District Court applied factors identified in *Lauritzen* [*v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254] and *Hellenic Lines Ltd. v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), to the choice-of-law question and concluded that the "statutory and maritime law of the United States should not be applied." App. 32. This conclusion led the court to grant summary judgment on [the widow's] general maritime law claim, as well as to consider whether dismissal of the rest of the case was warranted under the doctrine of *forum non conveniens.* After reviewing the various factors set out in [*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)], the court concluded that dismissal was appropriate and accordingly granted [defendants'] motion to dismiss on *forum non conveniens* grounds, provided [defendants] submit to the jurisdiction of the Singapore courts. The Court of Appeals for the Fifth Circuit affirmed. *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, *cert. denied,* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983).

*Chick Kam Choo,* 108 S.Ct. at 1688.

Instead of filing suit in Singapore, the widow filed suit in Texas state court. She eschewed her federal law claims and proceeded in state court solely on her state law and Singapore law claims.[2] The defendants responded by filing a new action in federal district court in which they sought an injunction to enjoin the Texas state court proceedings and any other proceedings which the widow might file in any court in the United States. The district court granted the injunction.[3] The Fifth Circuit Court of Appeals affirmed. It re-

---

**1.** The Anti–Injunction Act provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (1982).

**2.** The Texas Constitution contains an "open courts" provision which forbids state courts from applying any forum non conveniens analysis to a petitioner's case brought under a wrongful death statute. Texas Constitution Art. I, § 13, reflected in Texas Wrongful Death Statutes, Tex.Civ.Prac. & Rem. Code Ann. § 71.031 (1986).

**3.** The injunction in *Chick Kam Choo* provided that the plaintiff and her attorney were enjoined from "prosecuting or commencing any causes of action or claims against [defendants] in the courts of the State of Texas or any other state ... arising out of or related to the alleged wrongful death of [plaintiff's deceased husband]." *Chick Kam Choo* at 1688. In our case, the district court enjoined the plaintiffs and their attorneys from "filing and/or prosecuting actions in the state courts of Texas or any other court in the United States ... arising out of the air crash on April 28, 1981...." *Zipfel* at 1487–88.

jected the widow's contention that the injunction violated the Anti–Injunction Act, and ruled "that the injunction ... fell within the 'relitigation' exception to the Act, which permits a federal court to issue an injunction 'to protect or effectuate its judgments.'" *Id.* at 1688. The Fifth Circuit reasoned that the "reverse–*Erie*" uniformity doctrine required that federal *forum non conveniens* determinations preempt state law. The federal district court had decided the federal *forum non conveniens* issue, and any further inquiry into that issue by a state court was preempted. *Id.* at 1689. The Fifth Circuit's opinion in *Chick Kam Choo* conflicted with our *Zipfel* opinion. The Supreme Court granted *certiorari* in *Chick Kam Choo* to resolve the conflict. *Id.*

Addressing the relitigation exception to the Anti–Injunction Act, the Court in *Chick Kam Choo* stated:

> The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of *res judicata* and collateral estoppel.

*Chick Kam Choo* at 1690. The Court pointed out that while the district court had resolved the *forum non conveniens* issue on the basis of federal law, it had not done so under Texas state law. And, as "the Court of Appeals expressly recognized ... the Texas courts would apply a significantly different *forum non conveniens* analysis." *Id.* at 1691 (citing the Fifth Circuit's decision in *Exxon Corporation v. Chick Kam Choo*, 817 F.2d 307, 314 (1987)). The Court concluded that the question "whether the Texas *state* courts are an appropriate forum for [the widow's] Singapore law claims has not yet been litigated and an injunction to foreclose consideration of that issue is *not within the relitigation exception*." *Id.* The Court held that the defendants "must present their pre-emption argument to the Texas state courts, which are presumed competent to resolve federal issues." *Id.* (citations omitted).

The Court then turned to a consideration of the two claims the widow was attempting to prosecute in her Texas state court proceeding: a claim under Texas state law and a claim under Singapore law. The district court had decided, applying federal choice-of-law principles, that the law of Singapore controlled the litigation. This decision necessarily precluded the application of Texas law; therefore, the relitigation exception applied to this issue, and an injunction which would prevent relitigation of this issue would be permissible under the relitigation exception to the Anti–Injunction Act. *Id.* 108 S.Ct. at 1691–92. Rather than rewrite the injunction, the Court remanded the case to the district court to determine whether any injunction should issue, and if so, to tailor its injunction more narrowly so that it complied with the Act. *Id.* at 1692.

b. *Our Prior Analysis of the Anti–Injunction Act*

In our amended *Zipfel* opinion reported at 832 F.2d 1477, we affirmed and modified an injunction issued by the district court as it pertained to the claims of an American seaman, but vacated the portion of the injunction which enjoined any state court proceedings brought by foreign seamen. *Zipfel* at 1489. This holding as it pertains to the claims of the American seaman is not affected by *Chick Kam Choo*. The portion of our amended *Zipfel* opinion pertaining to the claims of the foreign seamen, however, cannot stand in light of the Supreme Court's *Chick Kam Choo* decision.

In *Zipfel*, the district court applied federal choice-of-law principles and decided that foreign law applied to the claims of the foreign seamen. It also dismissed these claims based on federal *forum non conveniens* principles. We reasoned that because the defendants had "prevailed on a procedural point pertaining to the propriety of the prosecution of the foreign seamen's lawsuit," the district court's *forum non conveniens* decision was not a judgment on the merits and therefore the relitigation exception to the Anti–Injunction Act did not apply. *Id.* at 1488. Based on this analysis, we vacated the portion of the

district court's injunction which applied to the foreign seamen. *Id.* at 1489. This permitted the foreign seamen to go forward with their state court action in Texas unencumbered by any federal injunction.

*Chick Kam Choo* teaches us that we applied the wrong analysis to the injunction as it applied to the claims of the foreign seamen. Like *Chick Kam Choo,* the choice-of-law issue in *Zipfel* was decided by the district court. The district court in our *Zipfel* case decided that foreign law applied to the claims of the foreign seamen. In *Chick Kam Choo* the district court decided that the law of Singapore applied to the widow's claim. Just as in *Chick Kam Choo,* the decision by the district court in our *Zipfel* case "necessarily precludes the application of Texas law...." *Chick Kam Choo* 108 S.Ct. at 1692. Thus, preventing relitigation of the issue whether Texas law, or foreign law, applies to the claims of the foreign seamen in *Zipfel* "is within the scope of the relitigation exception to the Anti–Injunction Act." *Id.*

In *Chick Kam Choo,* the Court did not rewrite the injunction. It remanded the case to the district court to enable that court to consider whether any injunction should issue, and if so, how that injunction should be tailored to conform to the Anti–Injunction Act. We do the same in this case.

## CONCLUSION

The mandate in this case is recalled.

Our opinion in *Zipfel v. Halliburton Co.,* 832 F.2d 1477 (9th Cir.1987), is amended by deleting therefrom the language at page 1488 commencing with the paragraph headed by headnote [9] which paragraph begins "The third exception to the Anti–Injunction Act ...", and which language continues for the rest of page 1488 and through the first paragraph on page 1489 ending with the language "... and hence is not in conflict with our unanimous opinion in this case." We insert in lieu thereof the following:

■ The third exception to the Anti–Injunction Act will support an injunction in this case, but one which is more narrow

than that granted by the district court. The district court decided that foreign law applied to the claims of the foreign seamen. This decision necessarily precludes the application of Texas law to the claims of the foreign seamen. As the Supreme Court held in *Chick Kam Choo v. Exxon Corp.,* — U.S. ——, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988), an injunction preventing relitigation of this issue is within the scope of the relitigation exception to the Anti–Injunction Act. *Id.* 108 S.Ct. at 1692. However, the district court's injunction enjoining the prosecution of any actions in the state courts of Texas or any other court in the United States arising out of the air crash on April 28, 1981 is too broad. The question whether the Texas *state* courts are an appropriate forum for the prosecution of the foreign seamen's claims has not yet been litigated and an injunction to foreclose consideration of this issue is not within the relitigation exception. *Chick Kam Choo* at 1691.

The second paragraph under the heading "CONCLUSION" at page 1489 of the prior *Zipfel* opinion (832 F.2d 1477, 1489) is deleted and there is inserted in lieu thereof the following:

The injunction enjoining the foreign seamen from prosecuting their claims in the state courts of Texas or any other court in the United States is too broad. *See Chick Kam Choo* 108 S.Ct. at 1692. Accordingly, that portion of the injunction pertaining to the foreign seamen is vacated and the case is remanded to the district court to enable it to reconsider whether any injunction should issue as to the claims of the foreign seamen, and if so, how that injunction should be tailored to comply with the Anti–Injunction Act and the Supreme court's holding in *Chick Kam Choo.* As to the lawsuit filed on behalf of the deceased American seaman, that portion of the injunction enjoining the prosecution of the lawsuit on his behalf in any other court in the United States is appropriate but is modified to except prosecution in the United States District Court for the Northern District of California. As thus modified, the permanent injunction as to the claim on

behalf of the deceased American seaman is affirmed.