113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack John MILOJEVICH, Defendant-Appellant.
 No. 95-17052.
 United States Court of Appeals, Ninth Circuit.
 April 25, 1997.
 Withdrawn & Vacated by 98 F.3d 1347
 
 1
 PETITION RECALLED.
 
 
 2
 Before: WIGGINS and TROTT, Circuit Judges, and VANCE, District Judge.*
 
 
 3
 ORDER**
 
 
 4
 Appellant, Jack John Milojevich, requests that this Court recall its mandate and vacate and reissue the memorandum decision in this case, filed on October 9, 1996, because his counsel neglected to file a timely petition of certiorari with the United States Supreme Court on his behalf after he requested them to do so. Appellant's motion is granted. The memorandum disposition filed October 9, 1996 is withdrawn and the mandate issued herein is recalled.
 
 
 5
 Under the law of this circuit, the Court of Appeals has inherent authority to recall its mandate and to assume jurisdiction over a closed appeal. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir.1996); Williams v. Calderon, 83 F.3d 281, 289 (9th Cir.1996), Zipfel v. Halliburton Co., 861 F.2d 565, 567 (9th Cir.1988). The decision whether to exercise the power "falls within the discretion of the court, but such discretion should be employed to recall a mandate only when good cause or unusual circumstances exist sufficient to justify modification or recall of a prior judgment." Zipfel, 861 F.2d at 567. In general, courts exercise this power only in exceptional circumstances--when, for example, the court is convinced that recalling the mandate is the only way to avoid a manifest injustice. See Sumner, 105 F.3d at 460; Zipfel, 861 F.2d at 567.
 
 
 6
 We find that it would be an injustice to deny Mr. Milojevich any consideration of his petition for certiorari, especially when the failure to file a timely petition was due to an error by appointed counsel for which Mr. Milojevich was not at fault. Moreover, we note that this Court and other courts have granted the relief requested here in similar situations. See e.g., Finn v. United States, 219 F.2d 894, 904 (9th Cir.), cert. denied, 349 U.S. 906, 75 S.Ct. 583, 99 L.Ed. 1242 (1955) (mandate withdrawn when pro se appellants placed themselves in a position which did not allow for application to the United States Supreme Court for certiorari); Ordonez v. United States, 588 F.2d 448, 449 (5th Cir.) (per curium), cert. denied, 441 U.S. 963, 99 S.Ct. 2409, 60 L.Ed.2d 1068 (1979) (entering new judgment to permit filing of petition for certiorari); Wilson v. United States, 554 F.2d 893, 894 (8th Cir.) (per curium), cert. denied, 434 U.S. 849, 98 S.Ct. 158, 54 L.Ed.2d 117 (1977) (new mandate issued advising defendant of his right to petition for certiorari). Although appellant's petition for certiorari may have little chance of success, we feel that it is the Supreme Court's position to make that determination, and not ours.
 
 
 7
 Finally, we admonish counsel that repeated failure to file a timely petition for a writ of certiorari with the United States Supreme Court upon the timely request of a criminal defendant may lead to disciplinary proceedings against counsel in this Court.
 
 
 8
 The memorandum disposition is ordered refiled as of the date of this order and thereafter the mandate shall issue forthwith.
 
 
 9
 TROTT, Circuit Judge, dissents.
 
 
 
 *
 The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3