George GUND III and Northern Insurance Company of New York, an Illinois corporation, Plaintiffs,

v.

PHILBROOK'S BOATYARD, a foreign corporation, Defendant.

No. C04–2143 RSM.

United States District Court,
W.D. Washington,
at Seattle.

March 25, 2005.

Dino Vasquez, Erik Anderson, Bullivant, Houser, Bailey, PC, Seattle, WA, for Plaintiff.

Timothy K. Borchers, Molly K. Siebert, Cozen O'Connor, Seattle, WA, for Defendant.

## ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS

MARTINEZ, District Judge.

This matter is before the Court on plaintiffs' motion to dismiss all claims under the doctrine of *forum non conveniens*. The Court has reviewed the motion and responsive memorandum and all associated declarations, and deems oral argument unnecessary. For the reasons set forth below, defendant's motion is GRANTED.

### BACKGROUND

Plaintiffs filed this action seeking compensation for damage that was allegedly done to the boat *Lambada* while she was at defendant Philbrook's Boatyard in Sidney, British Columbia, Canada. Plaintiff Gund originally purchased *Lambada* from Philbrook's in 1990, had the engines overhauled there in 1994, and returned her for re-painting in late 2003. In May, 2004, Captain Denny Swirtz, plaintiff's employee, went to Sidney to pick up the boat, but the batteries were dead. He left *Lambada* at the boatyard and returned to Washington State. Several days later, during what plaintiffs contend was an unnecessary and unauthorized sea trial, the port engine overheated and seized. Defendant denied liability for the damage and plaintiff eventually had the boat towed to Anacortes, Washington, for repairs. This lawsuit followed, with plaintiffs asserting claims of negligence and violation of the Washington Consumer Protection Act. It was filed in this Court under the diversity statute, 28 U.S.C. § 1332.

Defendant has moved to dismiss all claims under the doctrine of *forum non conveniens*, and to dismiss plaintiffs' second cause of action under the Washington Consumer Protection Act as preempted by maritime law. Plaintiff has opposed both

motions. In view of the Court's disposition of the *forum non conveniens* motion, the motion to dismiss plaintiff's second cause of action is DENIED as moot.

## DISCUSSION

■ Under the doctrine of *forum non conveniens*, the Court has discretion to decline to exercise jurisdiction where various enumerated factors favor litigation in a foreign forum. *Lueck v. Sundstrand Corporation*, 236 F.3d 1137, 1142 (9th Cir. 2001); *citing Gulf Oil Company v. Gilbert*, 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In considering dismissal on this basis, the Court must examine (1) whether an adequate alternative forum exists, and (2) whether the balance of public and private interest factors favors dismissal. *Id., citing Piper Aircraft v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The Court must also make an initial choice of law determination. *Id.* at 1143. The case may not be dismissed under *forum non conveniens* if the claims arise under a United States statute requiring venue in the United States. *Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1487 (9th Cir.1987); *as amended*, 861 F.2d 565 (9th Cir.1988). Therefore the Court turns first to the choice of law analysis.

### I. *Choice of Law Determination.*

■ The parties agree that the maritime choice of law test set forth in *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), applies to this action.[1] Under *Lauritzen* and cases following it, the Court must consider the following factors in determining choice of law: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured party; (4) allegiance of the defendant; (5) place and choice of law of the contract; (6) accessibility of a foreign forum; and (7) the law of the forum. *Lauritzen*, 345 U.S. at 583–592, 73 S.Ct. 921. To these, an eighth factor, the shipowner's base of operations, has been added. *Hellenic Lines, Ltd., v. Rhoditis*, 398 U.S. 306, 308–09, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970).

These factors are not exhaustive and should not be applied mechanically. *Id.* A flexible application of the factors is especially appropriate here, as the parties are aligned differently than was contemplated by the Supreme Court in *Lauritzen*. The test was developed to determine choice of law by applying principles of tort, contract, and maritime law to a case involving an injured seaman as plaintiff, a shipowner as defendant, and a ship which could fortuitously be anywhere on the high seas at the time of the seaman's injury. Here, the case involves a damaged engine rather than an injured seaman, the vessel owner is the plaintiff rather than the defendant, and the boat's presence in Canadian waters was not fortuitous but by plaintiff's choice. The eight *Lauritzen* factors will thus be weighted according to their relative importance under these circumstances.

■ Here, the plaintiffs are United States citizens and residents of Illinois and of California,[2] and the defendant is a Canadian company with its only base of opera-

---

1. Plaintiff contends that the facts are insufficiently developed to determine whether the case is subject to admiralty jurisdiction, but concedes that *Lauritzen* provides the appropriate choice of law test.

2. Although the complaint alleges that Mr. Gund "maintains a residence" in Washington State, defendant has by declaration provided information suggesting that he resides in San Francisco, California. Plaintiffs have not disputed this information, and for the purposes of this motion, California will be considered his place of residence.

tions in Canada. The boat is a U.S.-flagged vessel with her documented hailing port in San Francisco, California. The contract for repair of the *Lambada* was formed in Canada. The engine damage and all events leading up to it occurred in Canadian waters. Under these facts, the Court accords less weight to the flag of the vessel and to plaintiff's citizenship than to the place of contract, the place of injury, and the domicile and base of operations of the defendant. Most importantly, it was plaintiff's choice to take *Lambada* to Canada for painting and repair. He thereby accepted the risk that any dispute arising from that choice would be handled according to Canadian law. As the injury occurred in Canadian waters, and the defendant is Canadian, it is Canada which has the greater interest in this litigation. Defendant has presented a declaration of a member of the bar of British Columbia, stating that the courts of Canada would apply Canadian maritime law to a claim for negligent repair of a vessel by a Canadian shipyard within Canada. Although plaintiff argues that defendant has not "proven" that the courts of Canada are accessible to a United States citizen as plaintiff (factor 6), the Court deems any such "proof" unnecessary.[3] Plaintiff cannot seriously question whether a U.S. citizen may file a lawsuit in Canada under Canadian law.

In summary, the balance of the *Lauritzen* factors weigh heavily in favor of litigating this matter under Canadian law. Having concluded that the substantive law of Canada applies to this suit, the Court now must determine which forum is most convenient and appropriate for its litigation. *Villar v. Crowley Maritime Corporation,* 782 F.2d 1478, 1479 (9th Cir.1986).

## II. *Availability of the Alternate Forum.*

The first requirement for a *forum non conveniens* dismissal is that there be an adequate alternate forum available for plaintiff's suit. *Lueck v. Sundstrand Corporation,* 236 F.3d at 1143. The threshold test here is that the defendant be amenable to service of process in the foreign forum. *Id., citing Piper Aircraft,* 454 U.S. at 254 n. 22, 102 S.Ct. 252. It is beyond dispute that defendant, a Canadian company, is amenable to service in Canada.

The second requirement is that the foreign forum, in order to be considered adequate, must provide the plaintiff with some remedy for his wrong. *Lueck,* 236 F.3d at 1143. However, only in rare circumstances, "where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all" will the Court find that this requirement has not been met. *Id., quoting Lockman Foundation v. Evangelical Alliance Mission,* 930 F.2d 764, 768 (9th Cir.1991). Plaintiff has not alleged that the courts of Canada provide no remedy at all, or even an inadequate one. Accordingly, the Court finds that Canada provides an adequate and available forum.

## III. *Public and Private Interest Factors.*

After determining that an adequate alternative forum exists, the Court next must balance the public and private interest factors to determine whether they favor litigation in the alternative forum. A plaintiff's choice of forum ordinarily will not be disturbed unless the "private inter-

---

**3.** Referring to another case arising in this district (*In the Matter of the Complaint of LaFarge Canada, Inc.,* C02–121P), where the Court declined jurisdiction on *forum non conveniens* grounds, plaintiff argues that the case does not demonstrate that a U.S. citizen may file suit in Canada because the "U.S. claimants had already instituted suit in Canada." This statement appears to disprove, rather than support, plaintiff's accessibility argument.

est" and "public interest" factors strongly favor trial in the foreign country. *Id.,* citing *Gulf Oil,* 330 U.S. at 509, 67 S.Ct. 839. However, "if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Lockman Foundation,* 930 F.2d at 767 (*quoting Piper Aircraft,* 454 U.S. at 255 n. 23, 102 S.Ct. 252).

■■ The private interest factors to be considered are (1) the residence of all parties and witnesses; (2) the forum's convenience to the litigants; (3) access to evidence and sources of proof; (4) whether unwilling witnesses can be compelled to appear; (5) the cost of bringing all witnesses to trial; (6) the enforceability of a judgment; and (7) any other practical problems. *Lueck,* 236 F.3d at 1145.

(1) Plaintiff George Gund III is a resident of California, although he maintains a residence in Washington State. Plaintiff Northern Insurance Company is an Illinois corporation with its principle place of business in Illinois. The "documented hailing port" of the *Lambada* is San Francisco, although the boat is primarily berthed in Washington State. Defendant Philbrook's Boatyard is a Canadian company. The witnesses to the circumstances which led to the engine damage, namely defendant's employees, all reside in Canada. Plaintiff's witnesses, namely Captain Denny Swirtz and various naval architects and surveyors, reside in Washington State. The Court finds, on the basis of the residence of the parties themselves, that this factor weighs in favor of a Canadian forum. The relative convenience to the parties' witnesses will be addressed below.

(2) A Canadian forum would be only slightly less convenient to the non-resident plaintiffs than is Washington State; they must travel to reach either one. On the other hand, Canada is far more convenient

to defendant. This factor favors a Canadian forum.

(3) The evidence consists of the *Lambada* and the damaged engine parts, and documentary evidence in the form of defendant's records regarding the boat's maintenance and repair. All of these are moveable. Defendant concedes that this factor is neutral and the Court so finds.

(4) Plaintiff argues that the relative availability of compulsory process favors the Washington forum. However, this factor does not favor either forum. "This court does not have jurisdiction or subpoena power over witnesses in Canada. Neither would a Canadian court have jurisdiction over witnesses in the United States." *In the Matter of the Complaint of LaFarge Canada, Inc.,* C02–121P (W.D.Wash.2002). But this does not present the problem that plaintiff claims. Plaintiff's own witnesses are unlikely to resist testifying wherever the trial is held. On the other hand, defendant may not be able to compel the appearance of its non-party witnesses in Washington State. Nor, for that matter, could plaintiff. Since the majority of the actual fact witnesses are Canadian, this factor slightly favors the Canadian forum.

(5) The relative cost of bringing witnesses to trial weighs in favor of neither forum.

(6) Plaintiff has not addressed the enforceability in Canada of a judgment rendered by this Court. Although it appears to be without question that a Canadian judgment would be enforceable against the Canadian defendant, defendant has not so argued. In the absence of argument by either party, the Court finds this factor is neutral.

■ Having found that the balance of the private interest factors favor litigation in Canada, the Court turns to evaluate the public interest factors. These are (1) the

local interest of the action; (2) the Court's familiarity with the governing law; (3) the burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum. *Lueck,* 236 F.3d at 1147; *citing Piper Aircraft,* 454 U.S. at 259–61, 102 S.Ct. 252. The balance of these factors favors the Canadian forum.

(1) Although plaintiffs assert that Washington State has considerable interest in this dispute, the Court finds otherwise. This state has little interest in a dispute between parties, none of whom is a Washington resident, over an incident that occurred in Canadian waters. The fact that defendant advertises and appears at boat shows in Washington State does not alter this conclusion.

(2) and (3) The governing law factor clearly favors Canada. Although this Court is capable of applying Canadian law, such application would impose a substantial burden on both the Court and the jurors, to research, understand, and apply the foreign law.

(4) and (5) Court congestion and costs do not weigh toward either forum; the Court has no information from which it could conclude that the Canadian courts are either more or less congested than this one, or to compare the costs of litigation.

## CONCLUSION

The Court has determined that Canadian law should apply to this action against a Canadian shipyard for damage that occurred in Canadian waters. Under the doctrine of *forum non conveniens,* the Court has discretion to decline to exercise jurisdiction where the public and private interest factors favor litigation in the foreign forum. *Lueck,* 236 F.3d at 1142. Under the findings set forth above, this matter is best litigated in Canada. Accordingly, defendant's motion to dismiss under the doctrine of *forum non conve-*

*niens* is GRANTED, and this action is DISMISSED. Defendant's motion to dismiss plaintiff's second cause of action under the Washington Consumer Protection Act is DENIED as moot.