UNITED STATES of America,
Plaintiff—Appellee,

v.

Ira Vincent SPEARMAN, Defendant—
Appellant.

No. 07–50184.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2008.

Filed Aug. 6, 2008.

Amended Oct. 16, 2008.

Michael J. Raphael, Esq., Anne M. Voigts, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Gail Ivens, Esq., Deputy Federal Public Defender, Federal Public Defender's Office (Los Angeles), Los Angeles, CA, for Defendant–Appellant.

Before: W. FLETCHER and GOULD, Circuit Judges, and POLLAK,* United States District Judge.

AMENDED MEMORANDUM **

Ira Spearman was arrested in October 1993 after being caught at home with more

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

than 50 grams of cocaine base ("crack" cocaine), as well as firearms. A jury found Spearman guilty in September 1994 on three counts: possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count I); carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count II); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count III). The government had filed an information under 21 U.S.C. § 851, alleging that Spearman had been convicted of four prior felonies relating to controlled substances, two of which convictions would suffice for the imposition of a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A).

After finding that Spearman had possessed more than 50 grams of cocaine base, the district court sentenced Spearman to life in prison for Count I, five years on Count II, and 10 years on Count III, to be served concurrently. After we reversed Spearman's sentence on Count II, the district court refused to change the prior drug quantity finding and once again sentenced Spearman to life in prison, running concurrently with the ten-year term. We affirmed in an unpublished disposition in 1999, and the mandate issued. Spearman's efforts to obtain post-conviction relief failed.

In 2007, Spearman, acting pro se, filed a motion requesting that the district court ask our circuit to recall the mandate we had issued in 1999 and to allow for resentencing. The district court denied the motion, noting that it remained without discretion to go below the statutory minimum of life imprisonment. Spearman here appeals from the district court's denial, arguing that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the trend away from the crack-powder cocaine disparity, and the district

court's clear reluctance to impose a life sentence at both sentencing hearings justify a recall of the mandate.

We note that even though Spearman failed to file his recall motion directly in our circuit, the government agreed at oral argument that we could treat the appeal from the district court as a de facto motion to the court of appeals to recall the mandate. Nevertheless, we issue our decision in the form of a memorandum disposition instead of an order because of the procedural posture in which it comes to us. This panel assumed jurisdiction after the original panel that issued the mandate declined to retain control.

This court has the "inherent power to recall [its] mandate in order to protect the integrity of our processes, but should only do so in exceptional circumstances." *Carrington v. United States*, 503 F.3d 888, 891 (9th Cir.2007) (as amended). A recall must be "for 'good cause' or to 'prevent injustice.'" *Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir.1988) (as amended). Courts of appeals' recall decisions are "subject to review for an abuse of discretion" by the Supreme Court, and the power to grant a recall should "be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 549, 550, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998).

Because *Apprendi* does not apply retroactively to cases on collateral review, *United States v. Sanchez–Cervantes*, 282 F.3d 664, 671 (9th Cir.2002), Spearman cannot rely on *Apprendi* in order to avoid the findings on drug quantity that dictate his mandatory minimum or in order to evade the constraints that AEDPA places on second and successive petitions.

While the Sentencing Commission "adopted an ameliorating change" to the Sentencing Guidelines in 2007, *Kimbrough v. United States*, ── U.S. ──, 128 S.Ct.

558, 569, 169 L.Ed.2d 481 (2007), this change, which can operate retroactively, only affects sentences based on the Guidelines, *see, e.g., United States v. Casteneda,* 511 F.3d 1246, 1248 (9th Cir.2008), not sentences such as Spearman's that are dictated by statutory mandatory minimums.

The district court's reluctance to impose a life sentence does not support a recall of the mandate. Even if we were to recall the mandate, the district court would remain bound by the mandatory minimum sentence of life imprisonment provided in 21 U.S.C. § 841(b)(1)(A).

We conclude that this case does not present the sort of "extraordinary circumstances" required for the recall of a mandate, despite the severe nature of the outcome. The district court's decision denying Spearman's motion for recall of the mandate is therefore **AFFIRMED.**