**MISSISSIPPI VALLEY BARGE LINE COMPANY, Appellant,**

v.

**T. L. JAMES & CO., Inc., et al.,
Appellees.**

**No. 16469.**

United States Court of Appeals
Fifth Circuit.

June 6, 1958.

Selim B. Lemle, New Orleans, La., for appellant.

Charles E. Dunbar, III, New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

PER CURIAM.

Suggesting that by its opinion in River Terminals Corp. v. Southwestern Sugar & Molasses Co., 253 F.2d 922, this court has reached an opinion contrary to the result heretofore reached in this case, movant has filed a petition in this cause for leave to file a motion seeking extraordinary relief, wherein, asking the court "to recall its mandate herein to the district court and, in the court's discretion, either:

"A. consider this case and render a judgment consonant with the one rendered in the River Terminals Corporation–Southwestern Sugar & Molasses Company case, reversing the interlocutory decree of the District Court and ordering this case remanded to the District Court in order to afford the appellees herein reasonable opportunity to seek administrative action before the Interstate Commerce Commission to test the validity of the exculpatory provisions in the tariff of Mississippi Valley Barge Line Company, or otherwise to give full effect to the exculpatory clauses; or, alternatively,

"B. pursuant to Rule 29 of the Court's rules [28 U.S.C.A.], grant leave to file a petition for rehearing and a brief in support thereof; or, alternatively,

"C. grant leave to mover to file in the District Court a 'bill of review' or 'libel of review.'"

Upon consideration thereof, it is ordered that, for the reason pointed out in petitioner's motion, that the cause is pending in the district court for final decision and on an appeal therefrom, this court has power to, and will, if then of the opinion it should do so, reverse its former decision and judgment and decide the cause as to it may then seem just and right, Seagraves v. Wallace, 5 Cir., 69 F.2d 163, and resort to extraordinary relief is unnecessary, the leave to file be, and the same is hereby denied, and the clerk is directed to return to the sender the petition for leave to file and the attached and accompanying papers.