Paul D. JOHNSON, Appellant,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

Howard L. EIGHMEY, et al.,
Appellants,

v.

BECHTEL CIVIL AND
MINERALS, INC., et al.

Calvin WALKER, et al., Appellants,

v.

BECHTEL CIVIL AND
MINERALS, INC., et al.

John Warren CLANAGAN, Appellant,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

Paul D. JOHNSON, Appellant,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

Calvin WALKER and Rena
Walker, Appellants,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

John Warren CLANAGAN, Appellant,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

Howard L. EIGHMEY, et al.,
Appellants,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

Stanley WILMES, Appellant,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

Paul D. JOHNSON, Appellant,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

James H. BUCHANAN and Shirley
Buchanan, his Wife, Appellants,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

Stanley WILMES, Appellant,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

Calvin WALKER, et al., Appellants,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY.

John Warren CLANAGAN, Appellant,

v.

BECHTEL ASSOCIATES PROFES-
SIONAL CORPORATION,
D.C., et al.

Howard L. EIGHMEY, et al.,
Appellants,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY.

Glenwood WILLIAMS, Appellant,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY.

Nos. 82–2017, 82–1784, 82–1809, 82–1813,
82–1899, 82–2062, 82–2063, 82–2148, 82–
2374, 82–2458, 82–2459, 82–2525, 82–2529
to 82–2531 and 83–1003.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 2, 1986.

Gary W. Brown and William G. Schaefer, Washington, D.C., were on the responses, of appellees Bechtel Associates Professional Corp., et al.

Vincent H. Cohen and Robert B. Cave, Washington, D.C., were on the responses, of appellee Washington Metropolitan Area Transit Authority.

William F. Mulroney and Peter J. Vangsnes, Washington, D.C., were on appellants' petition, for rehearing.

Before ROBINSON, Circuit Judge, and WRIGHT and MacKINNON, Senior Circuit Judges.

Opinion PER CURIAM.

ON PETITION FOR REHEARING
PER CURIAM:

Appellants petition the court to reconsider its supplemental judgment of August 27, 1984,[1] affirming the District Court's prior

---

1. *Johnson v. Bechtel Assocs. Professional Corp.,* Civ. No. 82–2017 (D.C.Cir.) (Aug. 27, 1984) (un-    published order).

rulings that appellee Washington Metropolitan Area Transit Authority (WMATA) enjoyed immunity from appellants' tort claims. The petition comes in light of legislation, enacted shortly after our judgment issued, that assertedly dictates the outcome of the case. Appellants also endeavor to raise new questions about WMATA's immunity. Because appellants' arguments are properly to be addressed, not on a petition for rehearing, but on a group of appeals from judgments of the District Court following our supplemental judgment,[2] we deny the petition.

## I

Appellants are workers allegedly injured while performing underground construction work on the subway system serving the District of Columbia and its environs. They filed negligence actions against WMATA and others, and in 1982, the District Court granted the defendant-appellees' motions for summary judgment.[3] On appeal, we vacated the judgments, holding, *inter alia,* that WMATA could not assert immunity under Section 905(a) of the Longshoremen's and Harbor Workers' Compensation Act.[4] In turn, the Supreme Court reversed, however, concluding that "WMATA [is] entitled to immunity from the tort actions brought by" appellants,[5] and remanded the case for further proceedings. In accordance with the Supreme Court's mandate, we entered the supplemental judgment to which the petition for rehearing relates, and directed the Clerk of this court to transmit a certified copy of the judgment to the District Court in lieu of a formal mandate.[6] On September 21, 1984, the District Court entered judgments for appellees.[7]

On September 27, appellants filed in this court a petition for rehearing coupled with a suggestion of rehearing *en banc.* Their primary argument was made in anticipation of statutory amendments that were signed into law by the President the next day.[8] Appellants assert that the amendments legislatively overrule the Supreme Court's decision that WMATA enjoyed immunity, and urge this court to modify its supplemental judgment accordingly. They also claim that WMATA lacked immunity for another reason, which was not discussed by the Supreme Court.[9] We directed appellees to respond to these arguments.

On October 12, appellants noted separate appeals from the September 21 judgments

---

**2.** *Keener v. Washington Metropolitan Area Transit Auth.,* 800 F.2d 1173 No. 85–5029 (D.C.Cir. Sept. 2, 1986).

**3.** *Johnson v. Bechtel Assocs. Professional Corp.,* 545 F.Supp. 783 (D.D.C.1982), *rev'd,* 230 U.S.App.D.C. 297, 717 F.2d 574 (1983), *rev'd sub nom. Washington Metropolitan Area Transit Auth. v. Johnson,* 467 U.S. 925, 104 S.Ct. 2827, 81 L.Ed.2d 768 (1984).

**4.** 33 U.S.C. § 905(a) (1982); see *Johnson v. Bechtel Assocs. Professional Corp., supra* note 3, 230 U.S.App.D.C. at 303–306, 717 F.2d at 580–583.

**5.** *Washington Metropolitan Area Transit Auth. v. Johnson, supra* note 3, 467 U.S. at 940, 104 S.Ct. at 2836, 768 L.Ed.2d at 781.

**6.** The pertinent parts of the supplemental judgment read:

ORDERED by this Court that the Judgment of August 19, 1983 is vacated to the extent it reversed the grants of summary judgment by the District Court on the issues of immunity under § 905(a) of the Longshoremen's Act and it is

FURTHER ORDERED by this Court that the judgments of the District Court on the issue of the immunity of WMATA under § 905(a) of the Longshoremen's Act be, and the same hereby are, affirmed.

The Clerk is directed to transmit a certified copy of this Supplemental Judgment to the District Court in lieu of formal mandate. *Johnson v. Bechtel Assocs. Professional Corp., supra* note 1.

**7.** *Johnson v. Bechtel Assocs. Professional Corp.,* Civ. No. 81–963 (D.D.C.) (Sept. 21, 1984).

**8.** See Longshoremen's and Harbor Workers' Compensation Act Amendments of 1984, Pub.L. No. 98–426, 98 Stat. 1639 (codified at 33 U.S. C.A. §§ 904, 905 (West Supp.1986)).

**9.** Appellants contend that WMATA's immunity under 33 U.S.C. § 905 (1982) extends only to its common law torts, not to torts for which its charter assertedly made it liable. See generally D.C.Code Ann. § 1–2431 (1981).

of the District Court. These appeals are explicitly predicated upon a supposed denial by this panel of the relief requested by the petition for rehearing, and feature appellants' theory that the statutory amendments strip WMATA of immunity. The appeals have been briefed and argued orally, and are decided today.[10]

## II

Appellants assert an "absolute right" to petition for rehearing of our supplemental judgment pursuant to Rule 40 of the Federal Rules of Appellate Procedure and our Local Rule 14. Appellate Rule 40(a) provides that "[a] petition for rehearing may be filed within 14 days after entry of judgment unless the time is shortened or enlarged by order or by local rule." Local Rule 14(a) specifies, relevantly to this case, that "[a] party that wishes to file a petition for rehearing ... shall do so within 30 days after entry of judgment."

■ Appellants contend that the filing of their petition on September 27, 1984, was timely under our local rule.[11] That rule, however, does not control; rather, Appellate Rule 40(a), which permits shortening of the filing time for rehearing petitions "by order," is dispositive here. In our supplemental judgment, we directed the Clerk to transmit a certified copy of the judgment to the District Court, which he did on the same day, and that constituted the mandate of this court.[12] The time issuance

of the mandate, like the time for petitioning for rehearing, may be shortened by order.[13] The clause of the supplemental judgment respecting the mandate was just such an order, and its effect was therefore to reduce to zero the period before issuance of the mandate, and necessarily the period for petitioning for rehearing.[14]

■ A court may order immediate issuance of the mandate when "satisfied (1) that [the] Court would not change its decision upon hearing, much less hear the case *en banc,* and (2) that there is no reasonable likelihood that the Supreme Court would grant review." [15] Here, both requirements were met, for the course of action directed by the Supreme Court was very clear. Although it is our general practice in such a case specifically to order that the mandate be issued "forthwith," this omission from the supplemental order is of no consequence. We intended that the Clerk issue the mandate immediately, and he did so.

Issuance of the mandate formally marks the end of appellate jurisdiction. Jurisdiction returns to the tribunal to which the mandate is directed, for such proceedings as may be appropriate,[16] and in the instant case the District Court regained authority to enter judgments for appellees. This authority was not compromised by the filing of the petition for rehearing in this court six days after the District Court had acted, for that court was free to exercise its jurisdiction absent a recall of the mandate.[17]

10. See note 2 *supra* and accompanying text.

11. The petition for rehearing was filed 31 days after issuance of the supplemental judgment. Appellants attribute the one-day delay to misinformation from the clerk's office. The timeliness of the petition under the local rule is unimportant, however, since we hold that the rule itself is irrelevant.

12. "A certified copy of the judgment and a copy of the opinion of the court, if any, and any direction as to costs shall constitute the mandate, unless the court directs that a formal mandate issue." Fed.R.App.P. 41(a). There was no opinion, and the parties were informed that costs would be determined at a later date.

13. See *id.*

14. Upon a showing of good cause, the mandate could, however, be recalled to permit the filing of a petition for rehearing. See Part III *infra.*

15. *Ostrer v. United States,* 584 F.2d 594, 598 (2d Cir.1978).

16. *United States v. DiLapi,* 651 F.2d 140, 144 (2d Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982).

17. *Id.*

Because the immediate issuance of the mandate precluded a petition for rehearing, appellants' sole alternative was a motion to recall the mandate.[18] Accepting that as appellants' evident intention, we treat their petition for rehearing also as a motion to recall the mandate.

### III

■ Appellate courts have inherent power to recall a mandate upon a showing of good cause, but should exercise it only in exceptional circumstances.[19] If, after the mandate issues, the movant demonstrates good cause for failing to present an argument in a petition for rehearing, the court must then decide whether there are "special reasons" favoring recall.[20] But the recall power may not be used simply as a device for granting late rehearing; "[t]here must be an end to dispute." [21]

■ Because of the unusual procedural posture of this case, however, it is unnecessary to determine whether suitable reasons exist here. Our supplemental judgment returned this case to the District Court, and proceedings leading to new judgments were completed before appellants did anything further in this court. Moreover, appellants have had full opportunity to press their arguments on their appeals from those judgments.[22] Surely with the normal process of appeal available, resort to the extraordinary step of recalling the mandate is unjustifiable.[23]

In issuing the supplemental judgment, we were merely effectuating the will of the Supreme Court. To pave the way for presentation of their new arguments directly to this court, appellants might have asked the Supreme Court to recall its mandate, but they did not see fit to do so. Recall of this court's mandate, on the other hand, not only would generate questions concerning our fealty to the Supreme Court's mandate,[24] but in the circumstances presented is inappropriate.

Without, then, reaching the merits of appellants' contentions, the petition for rehearing, treated both as such and as a motion to recall the mandate, is denied.[25]

*So ordered.*

---

**18.** See Part III *infra.* Mere consideration of such a motion does not impede the District Court's exercise of jurisdiction. See *United States v. DiLapi, supra* note 16, 651 F.2d at 144 n. 2.

**19.** *Dilley v. Alexander,* 200 U.S.App.D.C. 354, 357, 627 F.2d 407, 410 (1980).

**20.** See *Greater Boston Television Corp. v. FCC,* 149 U.S.App.D.C. 322, 331–334, 463 F.2d 268, 277–280 (1971), *cert. denied,* 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972) (discussing possible justifications for recall of mandate); see also *United States v. Hubbard,* 222 U.S.App. D.C. 329, 330 n. 4, 686 F.2d 955, 956 n. 4 (1982).

**21.** *Greater Boston Television Corp. v. FCC, supra* note 20, 149 U.S.App.D.C. at 332, 463 F.2d at 278

(quoting *Legate v. Maloney,* 348 F.2d 164, 166 (1st Cir.1965)).

**22.** See note 2 *supra* and accompanying text.

**23.** See *Mississippi Valley Barge Line Co. v. T.L. James & Co.,* 256 F.2d 344, 345 (5th Cir.1958).

**24.** See *Banco Nacional de Cuba v. Farr,* 383 F.2d 166, 178 (2d Cir.1967), *cert. denied,* 390 U.S. 956, 88 S.Ct. 1038, 19 L.Ed.2d 1151 (1968).

**25.** This denial of the petition for rehearing is not an exercise of appellate jurisdiction that might interrupt our previous remand, the subsequent entry of judgments by the District Court, or the ensuing appeals in this case. See *United States v. DiLapi, supra* note 16, 651 F.2d at 144 n. 2.