999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin James DEVEREAUX, Defendant-Appellant.
 No. 91-30163.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided July 21, 1993.
 
 Before: Hug, Poole and Ferguson, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kevin Devereaux appeals his conviction and sentence for committing a burglary on a Native American reservation, in violation of 18 U.S.C. § 1153 and Mont.Code Ann. § 45-6-204. He assigns three errors to the district court proceedings.
 
 
 3
 First, he challenges the jury instruction used to define reasonable doubt. Second, he contends that his sentence violated the double jeopardy clause. Finally, Devereaux argues that the district court improperly ordered restitution. We reverse Devereaux's conviction and sentence, and vacate the district court's restitution order.
 
 FACTS AND PROCEDURAL HISTORY
 
 4
 Devereaux was arrested for burglarizing a convenience store on the Fort Peck Indian Reservation in Montana. At trial, the district court gave the following jury instruction regarding reasonable doubt:
 
 
 5
 A reasonable doubt is a fair doubt, based upon reason and common sense. This does not mean, however, that you must be convinced of a defendant's guilt to an absolute or mathematical certainty, for there are few things in life of which we can be absolutely certain. What it means, rather, is that you must be persuaded of the defendant's guilt as you would want to be persuaded about the most important concerns in your life. A reasonable doubt, in other words, does not mean a mere possibility that the defendant may be innocent, nor does it mean a fanciful or imaginary doubt or a doubt based upon groundless conjecture. In short, a reasonable doubt does NOT mean a doubt for the sake of doubting. What it means, rather, is an actual and substantial doubt having some reason for its basis. However, a defendant is never to be convicted on mere suspicion or conjecture.
 
 
 6
 A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence. Since the burden is always upon the prosecution to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged, a defendant has the right to rely upon failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross-examination of witnesses for the prosecution.
 
 
 7
 A reasonable doubt exists in any case when, after careful and impartial consideration of all the evidence in the case, the jurors do not feel convinced to a moral certainty that a defendant is guilty of the charge.
 
 
 8
 (Emphasis added.)
 
 
 9
 The jury returned a verdict of guilty. The judge sentenced Devereaux to 41 months' imprisonment.
 
 JURISDICTION
 
 10
 The district court had jurisdiction over a burglary on a Native American reservation under 18 U.S.C. § 1153. We have jurisdiction over the district court's final judgment and sentencing order pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).
 
 DISCUSSION
 
 11
 A reasonable doubt instruction which is unconstitutional under Cage v. Louisiana, 498 U.S. 39 (1990) (per curiam), constitutes "structural" error and requires reversal. Sullivan v. Louisiana, No. 92-5129, 1993 WL 179275 at * 4 (U.S. June 1, 1993).
 
 
 12
 In this case the jury instruction described reasonable doubt as "an actual and substantial doubt" that fails to convince jurors "to a moral certainty" of the defendant's guilt. In Cage, the Supreme Court held violative of due process an instruction that "equated a reasonable doubt with a 'grave uncertainty' and an 'actual substantial doubt,' and [which] stated that what was required was a 'moral certainty' that the defendant was guilty." Cage, 111 S.Ct. at 329-30.
 
 
 13
 The instruction here was inadequate under Cage. Under Sullivan, we must reverse Devereaux's conviction and remand for further proceedings. See Sullivan, 1993 WL 179275 at * 4. In light of this conclusion, we need not consider Devereaux's claims regarding double jeopardy and restitution.
 
 
 14
 Devereaux's conviction and sentence are REVERSED. The order of restitution is VACATED, and the case is remanded for further proceedings not inconsistent with this opinion.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3