9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Orville YOUPEE, Defendant-Appellant.
 No. 91-30211.
 United States Court of Appeals, Ninth Circuit.
 Oct. 14, 1993.
 
 Before: WRIGHT, NORRIS, and HALL, Circuit Judges.
 
 ORDER
 
 1
 Joseph Youpee has moved to recall our mandate from the memorandum disposition filed on February 25, 1992. We requested a response from the government which has been received and considered. We grant the motion and vacate the judgment. We reverse his conviction and sentence and remand to the district court.
 
 
 2
 Youpee and Kevin Devereaux were convicted of burglary. Both appealed, claiming that the district court improperly instructed the jury on the definition of reasonable doubt. We affirmed Youpee's conviction, holding that the instruction was unconstitutional but did not constitute plain error.
 
 
 3
 Youpee moved to extend the time in which to petition for rehearing and to stay issuance of the mandate because Devereaux's appeal was still pending. We denied his motion to stay issuance of the mandate and allowed 21 days within which to file a petition for rehearing. Youpee did not file such a petition.
 
 
 4
 Devereaux's appeal was delayed and still pending when Sullivan v. Louisiana, 113 S.Ct. 2078 (1993), was decided. In Sullivan, the Court held that an unconstitutional reasonable doubt instruction constitutes structural error and requires reversal. Id. at 2082-83. Relying on Sullivan, we reversed Devereaux's conviction and sentence. United States v. Devereaux, 1993 WL 272532 (9th Cir. July 21, 1993).
 
 
 5
 The power to recall the mandate is within the discretion of the appellate court. Zipfel v. Halliburton Co., 861 F.2d 565, 567 (9th Cir.1988). We do so only for good cause or when unusual circumstances justify recall of a prior judgment. Id.; see also Aerojet-General Corp. v. American Arbitration Ass'n, 478 F.2d 248, 254 (9th Cir.1973) (recall only for good cause or to prevent injustice); Johnson v. Bechtel Associates Professional Corp., 801 F.2d 412, 416 (D.C.Cir.1986) (recall only in exceptional circumstance). If a decision of the Supreme Court "departs in some pivotal aspect from a decision of a federal appeal court, recall of a mandate may be warranted to the extent necessary to protect the integrity of the court of appeals' prior judgment." Zipfel, 861 F.2d at 567 (internal quotations omitted).
 
 
 6
 We find unusual circumstances here and conclude that recall is necessary to prevent an injustice. Youpee and Devereaux were convicted for the same burglary, by the same jury. Only because Devereaux's appeal was delayed, his conviction was reversed, while Youpee's conviction was affirmed. We recall the mandate from our memorandum disposition filed on February 25, 1992.
 
 
 7
 Youpee's jury instructions were unconstitutional. See Cage v. Louisiana, 498 U.S. 39 (1990) (per curiam). An unconstitutional reasonable doubt instruction requires reversal. Sullivan, 113 S.Ct. at 2082-83. We reverse Youpee's conviction and sentence and remand to the district court for further proceedings.