F I L E D
United States Court of Appeals
Tenth Circuit

MAY 27 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

DONALD E. ARMSTRONG,

Debtor.

DONALD E. ARMSTRONG,

Appellant,

v.

KENNETH A. RUSHTON, Trustee;
STEPPES APARTMENTS, LTD.;
JOHN L. FEECE,

Appellees.

No. 03-4170
(BAP No. UT-03-017)
(BAP)

ORDER AND JUDGMENT *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Donald E. Armstrong appeals the dismissal by the Bankruptcy Appellate Panel (BAP) of his underlying appeal for failure to file a timely opening brief. He also takes issue with the BAP's refusal to entertain his motion for reconsideration. We affirm.

After having received one extension of time until May 22, 2003, in which to file his opening brief to the BAP in this matter, Armstrong requested yet another extension, asking that his brief not be due until July 3, 2003. The BAP denied the second motion for extension and ordered Armstrong to file his brief "within five (5) days of the date of this Order." Aplt. App. at 1. The order is dated May 28; relying on Bankruptcy Rule 9006(a), five days from the date of the order, excluding weekends, was June 4, 2003. Armstrong filed his brief on June 6, 2003, and the BAP dismissed the appeal, citing Bankruptcy Rule 8001(a). Armstrong filed an untimely motion to reconsider on the same day the BAP issued its mandate. That motion was denied.

Armstrong initially contends that it was reversible error for the BAP to deny his second motion for extension of time to file his opening brief. Matters

such as this are left to the discretion of the court. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (finding no abuse of discretion in dismissing bankruptcy appeal because of untimely-filed brief); *cf. Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (finding no abuse of discretion in permitting late filing under Federal Rules of Civil Procedure); *see also* Fed. R. Bankr. P. 9006(b)(1). Given the fact that Armstrong had already received an extension of more than thirty days in which to file his brief, we perceive no abuse of discretion in refusing to grant a further extension.

On appeal, Armstrong argues that the "mailbox rule" should have been applied both to his initial brief and to his motion for reconsideration, making both filings timely. We disagree. Armstrong misunderstands the mailbox rule which does not apply here.

Bankruptcy Rule 9006(f) provides in pertinent part:

> When there is a right or requirement to do some act or undertake some proceedings *within a prescribed period after service of a notice or other paper* and the notice or paper other than process is served by mail or under Rule 5(b)(2)(C) or (D) F.R.Civ. P., three days shall be added to the prescribed period.

Fed. R. Bankr. P. 9006(f) (emphasis added). Armstrong insists that this rule allowed him three extra days in which to file his brief and his subsequent motion. What he loses sight of, however, is that the order denying his second motion for an extension did *not* provide that he had five days after *service* of the order in

which to file his brief. It said he had five days from the date the order was filed within which to file his brief. The mailbox rule is inapplicable to this situation. *Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle)*, 988 F.2d 29, 31-32 (5th Cir. 1993) (holding three-day extension not applicable to filing notice of appeal because time ran from entry of order, not from service).

The same analysis applies to Armstrong's motion for rehearing. As explained by the BAP, Bankruptcy Rule 8015 requires that a motion for rehearing "be filed within 10 days after the entry of the judgment." The judgment dismissing the appeal was entered on June 18, 2003. Armstrong's motion for rehearing was therefore due on or before June 30, 2003. The event triggering the time clock for filing the motion for rehearing was the entry of the judgment of dismissal. There was no requirement that Armstrong file his motion for rehearing at some date after the service of a notice or other paper. Armstrong was required to file, if at all, within ten days after entry of the judgment. Again, because the mailbox rule applies to situations where the applicable rule requires an act within a period of time after a notice or other paper is first served, it does not apply in this situation.

Contrary to Armstrong's interpretation, the information provided litigants on this circuit's website regarding various filing deadlines is no different. Those directions clearly instruct litigants in the very first line that "[i]f ordered by a date

certain, the 3 day mailing rule **does not** apply." *See* "Answers to Frequently Asked Questions" at http://www.ca10.uscourts.gov/rules.cfm?part=2. The dates at issue here were both "dates certain." Five days from the date of the order denying the second motion for extension, not counting weekends, was June 4, 2003; ten days from the date of the entry of judgment dismissing the appeal, counting weekends, was June 30, 2003. There was nothing uncertain about these dates. Armstrong's brief and motion for rehearing were both late.

In addition to the fact that Armstrong's motion for reconsideration was untimely, we note that the BAP had issued its mandate on July 1, 2003, thus effectively losing appellate jurisdiction over this case. Without jurisdiction, the BAP had no authority to extend the time for filing the motion. *See Boston & Maine Corp. v. Town of Hampton*, 7 F.3d 281, 282 (1st Cir. 1993).

As for Armstrong's other issues, he did not make an argument based on "excusable neglect" to the BAP, either when he filed his untimely brief or in his untimely motion to reconsider, *see generally Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), so we will not consider it for the first time on appeal, *see Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Even if we were to make an exception here, we are not persuaded that Armstrong's actions in this matter constituted "neglect" in the legal sense.

The fact that this court has, on occasion, allowed late filings by Armstrong and perhaps others has no relevance in this matter. The BAP is fully within its authority to manage its own docket. *See Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 470 (10th Cir. 1985).

The order denying Armstrong's second request for extension explicitly states that "[t]he Appellant's brief and appendix must be filed within five (5) days of the date of this Order, or this appeal will be dismissed without further order." There is thus no basis upon which Armstrong can legitimately argue that the dismissal came as a surprise to him or that a show cause order should have issued before the BAP dismissed the appeal.

Finally, Armstrong, albeit proceeding pro se, is required to comply with rules of procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

As we have noted in several other decisions issued this day, the fact that the BAP has recently found that the bankruptcy court lacked jurisdiction to enter criminal contempt sanctions against Armstrong in a related matter has no bearing on this appeal. Armstrong's motion to file a supplemental appendix is

GRANTED.  The judgment the bankruptcy appellate panel is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge