# United States Court of Appeals
## For the First Circuit

No. 04-1100

UNITED STATES OF AMERICA,

Appellee,

v.

GREGORY FRASER,

Defendant, Appellant.

APPEAL FORM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
[Hon. George Z. Singal, U.S. District Judge]

Before

Selya, Lynch and Howard,
Circuit Judges.

Thomas J. Connolly on brief for appellant.
F. Mark Terison, Senior Litigation Counsel, and Paula D. Silsby, United States Attorney, on brief of appellee.

**ON PETITION FOR REHEARING**

May 10, 2005

**Per Curiam**. This case presents the issue of whether the issuance of the United States Supreme Court's decision in <u>Booker</u> v. <u>United States</u>, 125 S. Ct. 738 (2005), itself constitutes a reason to recall mandate to permit a defendant to present arguments to this court that his sentence should be vacated and the case remanded for resentencing. We answer that question in the negative. We hold that the normal and extremely rigorous standard for recalling mandate established in <u>Calderon</u> v. <u>Thompson</u>, 523 U.S. 538, 550 (1998), applies to cases seeking to recall mandate under <u>Booker</u>. As defendant cannot meet that standard, we deny his motion.

In November 2004 this court affirmed defendant Gregory Fraser's sentence of 54 months of imprisonment after he pled guilty to possessing stolen firearms in violation of 18 U.S.C. § 922(j). In our decision, we rejected Fraser's argument, made in a supplemental brief, that under <u>Blakely</u> v. <u>Washington</u>, 124 S. Ct. 2531 (2004), he was entitled to have his sentence recalculated because he had not admitted to (nor had a jury found beyond a reasonable doubt) two sentencing factors: a prior state-court continuance without a finding and his possession of 29 guns. <u>See</u> <u>United States</u> v. <u>Fraser</u>, 388 F.3d 371, 376-77 (1st Cir. 2004) (per curiam).

Fraser allowed the time for petitioning this court for rehearing to expire and then belatedly requested additional time to

-2-

file a petition for panel rehearing, which this court allowed. Nonetheless, he then was late in filing his petition for panel rehearing or for rehearing en banc, filing it two days beyond the extended deadline. Fraser also did not move to stay mandate pending the filing of a petition for a writ of certiorari. Mandate then issued. Only a timely petition for rehearing stays the issuance of mandate. Fed. R. App. P. 41(d)(1). While the untimely petition for rehearing was pending, the time for filing a petition for a writ of certiorari in the United States Supreme Court also expired. See S. Ct. R. 13.

Fraser's untimely petition for rehearing from the November 2004 decision is before us. It cannot be granted because mandate has issued. See Boston & Maine Corp. v. Town of Hampton, 7 F.3d 281, 282 (1st Cir. 1993).

We will treat the untimely petition as a motion to recall mandate, over which we do have jurisdiction. Id. Nonetheless, the Supreme Court has instructed that we may exercise that power only upon a showing of "extraordinary circumstances." Calderon, 523 U.S. at 550.[1] "Resort to recall power is an 'extraordinary step,' and 'should not be used simply as a device for granting late rehearing.'" Boston & Maine Corp., 7 F.3d at 283 (quoting Johnson v. Bechtel Assocs. Prof'l Corp., 801 F.2d 412, 416 (D.C. Cir.

_____

[1] As in Calderon, this case does not involve recall of mandate to correct mere clerical errors in the judgment itself, or any claim of fraud upon the court. Calderon, 523 U.S. at 557.

-3-

1986)).  "Recall of a mandate -- other than to correct a clerical error -- threatens important interests in finality and is a step to be taken only in the most unusual circumstances."  Conley v. United States, 323 F.3d 7, 14 (1st Cir. 2003) (declining to recall mandate).  No such extraordinary circumstances are present here.[2]

To recall mandate in these circumstances would not only undercut finality, but it would threaten the restrictions on relief under other doctrines.  This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive. Cirilo-Muñoz v. United States, No. 02-1846, slip op. at 14 (1st Cir. Apr. __, 2005).  If mandate could be recalled merely based on Booker, that result would provide an avenue to escape the restrictions Congress has imposed on habeas review.

Finally, we have said there is nothing fundamentally unfair in the use of judge-made findings of fact.  United States v. Antonakopolous, 399 F.3d 68, 75 (1st Cir. 2005).

This case therefore falls far short of the "extraordinary circumstances" necessary to warrant recall of mandate. Accordingly, treating Fraser's untimely petition for rehearing as a motion to recall mandate, that motion is **denied**.

**So ordered**.

---

[2]  This case does not present the rare circumstance where mandate had issued but the period of time for petitioning for certiorari has not lapsed.

-4-