**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

VICTORIA DAWN WRIGHT,

Petitioner-Appellant,

v.

RYAN LONG; CYNTHIA H.
COFFMAN, Attorney General of the
State of Colorado,

Respondents-Appellees.

No. 18-1111
(D.C. No. 1:17-CV-2937-LTB)
(D. Colo.)

_____

**ORDER**

_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

_____

Ms. Victoria Wright seeks a certificate of appealability so that she can appeal the dismissal of her application for habeas relief. Underlying the desired appeal is the scope of a district court's discretion to dismiss an action based on the claimant's failure to timely comply with a court order.

Ms. Wright is a state prisoner who filed an application for habeas relief. She could pursue the application only by prepaying the filing fee or obtaining leave to proceed in forma pauperis; Ms. Wright opted to move in district court for leave to proceed in forma pauperis.

With her motion, Ms. Wright submitted an institutional account statement reflecting transactions from February 2011 to August 2017. But

Ms. Wright filed the habeas application over four months after the latest of these transactions. Thus, the district court sent Ms. Wright an order directing her to submit an account statement showing the current balance in her institutional account. In this order, the court stated that a failure to submit the account statement within thirty days would result in dismissal of the action without further notice.

Ms. Wright was transferred to another prison, so the court sent the order to her again on January 10, 2018, restarting the thirty-day period. The court warned her again that failure to comply within thirty days would result in dismissal of the action without further notice. After thirty days passed without a response, the district court dismissed Ms. Wright's application for habeas relief. Afterward, Ms. Wright submitted a response. But the district court declined to consider the response because it was untimely.

Ms. Wright challenges this ruling, arguing that her response was timely because she had mailed it within thirty days of her receipt of the order. In our view, however, no reasonable jurist would credit this argument because Ms. Wright needed to comply within thirty days of the date that the order had been issued, not received.

We will grant a certificate of appealability only if the district court's dismissal is subject to reasonable debate. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To decide if the dismissal is reasonably debatable, we conduct

a preliminary review of Ms. Wright's argument based on what she would ultimately need to show a merits panel. *See Buck v. Davis*, 137 S. Ct. 759, 774 (2017). Here the required showing would entail an abuse of discretion. *AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

No reasonable jurist would view the district court's ruling as an abuse of discretion. As the court reasoned, Ms. Wright's response was untimely under any conceivable counting rules. On January 10, 2018, the district court ordered compliance within "thirty (30) days from the date of this minute order." Minute Order at 1, *Wright v. Long*, No. 17-cv-02937-GPG (D. Colo. Jan. 10, 2018), ECF No. 14 (emphasis omitted). Under this order, the last day to respond was February 9, 2018. Ms. Wright put her response in the mail five days after the 30-day deadline. Therefore, any reasonable jurist would consider her response untimely.

Ms. Wright argues that she had 30 days from the day that she received the order. If she were right, the 30-day period would have started on January 15 rather than January 10. But the order set its deadline "thirty (30) days from the date of this minute order," not from the date of receipt of the minute order. *Id.* In light of the wording in the order, all reasonable jurists would consider Ms. Wright's response untimely. *See In re Armstrong*, 99 F. App'x 866, 868–69 (10th Cir. 2004) (unpublished)

(rejecting as untimely a filing because the filer had five days from the order's date of filing rather than service).

Ms. Wright invokes the prison mailbox rule. This rule provides some leeway for inmate filings, but it does not affect the start of the thirty-day period. Under the rule, inmate filings can be timely if they are "given to prison officials for mailing *prior to the filing deadline*" even if the court receives the filings after the deadline. *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (emphasis added). The prison mailbox rule does not affect the start date when the court gives a prisoner a certain number of days to file something. *Cf. Jenkins v. Burtzloff*, 69 F.3d 460, 461–62 (10th Cir. 1995) (holding that the prison mailbox rule does not apply to the start of the period for filing a notice of appeal).

Because the prison mailbox rule is facially inapplicable, no reasonable jurist could consider the ruling an abuse of discretion. As a result, we decline to issue a certificate of appealability. In the absence of a certificate, we must also dismiss the appeal. *See* 28 U.S.C. § 2253(c)(1)(B).

In addition to the dismissal, however, we must decide whether to grant Ms. Wright's motion for leave to proceed in forma pauperis. Granting this motion would relieve Ms. Wright of her obligation to prepay the filing fee for the appeal. This time, she has provided an updated account

statement, which shows an inability to prepay the filing fee. Therefore, we grant her motion for leave to proceed in forma pauperis in the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge