# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2011

No. 10-30699

Lyle W. Cayce
Clerk

MARVIN M. WILLIAMSON, JR.

Plaintiff-Appellant

v.

CITY OF MORGAN CITY, ET AL.

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
(6:08-CV-441)

Before GARWOOD, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

On January 15, 2008, Officer Jimmy Richard and Officer Mark Griffith of the Morgan City Police Department arrested Marvin Williamson on an outstanding warrant for a charge of aggravated criminal damage to property. Williamson was arrested without incident, but he allegedly became confrontational once he was in the police station's booking room, and officers placed him in an isolation cell after a physical encounter. Williamson alleges

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30699

that he was injured during the altercation with the officers and was denied prompt medical care. He was subsequently convicted of resisting arrest and battery on an officer in connection with this incident and sentenced on August 28, 2009.

On March 31, 2008, Williamson filed a 42 U.S.C. § 1983 action against the City of Morgan City, Doreen Francis, and Jimmy Richard on allegations of excessive force, denial of medical care, and failure to train and supervise. Francis was the jail supervisor at the time of the incident. Francis and Richard were sued in their "official capacities" only. Williamson was represented by attorney C.E. Bourg in this action as well as in the related criminal proceeding. The district court granted the defendants' motion for summary judgment on July 21, 2009. The court found that the plaintiff failed to prove a policy or custom of excessive force or the denial of medical care. On July 31, 2009, the court entered judgment dismissing Williamson's suit with prejudice. Williamson did not file an appeal. On May 27, 2010, Williamson filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). He filed this motion *pro se*. Williamson's motion was denied by the United States District Court for the Western District of Louisiana on July 16, 2010. On July 26, 2010, he filed a "59(e) Motion to Reconsider Relief from Judgment," and on July 28, 2010, he filed a "Motion for Notice of Appeal." The district court entered an order on August 13, 2010 finding that it no longer had jurisdiction over any of Williamson's pending motions because the issues were now before the Fifth Circuit on appeal.

**DISCUSSION**

The standard of review for a district court's denial of a Rule 60(b) motion

2

No. 10-30699

is abuse of discretion. *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 694 (5th Cir. 1983). This court has held that:

> "Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion. . . . It is not enough that the granting of relief might have been permissible, or even warranted – denial must have been so *unwarranted* as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. 1981) (emphasis in original) (citations omitted).

The Federal Rules of Civil Procedure provide that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). This court has set a high bar for what a party must show to receive relief under Rule 60(b)(1). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service,* 769 F.2d 281, 286 (5th Cir. 1985). The court in *Pryor* went on to say that "[t]his Court has also repeatedly and firmly held that Rule 60(b) cannot be used to extend the time for appeal." *Id*.

In cases where denying Rule 60(b) relief "precludes examination of the full merits of the cause," this court has allowed for more leniency in reopening cases. *Seven Elves*, 635 F.2d at 402. However, that leniency does not apply in cases in which the petitioner has already been accorded a full determination on the merits of his case. *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998). Williamson's attorney responded to the defendants' motion for summary judgment, and the district court issued a reasoned summary judgment

3

No. 10-30699

decision on the merits of Williamson's case. He is not entitled to the leniency accorded those who only receive default judgments.

Further, in a case in which it granted relief on the basis of a Rule 60(b) motion, this court relied in part on the fact that motion for relief was filed within the time period for filing a direct appeal. *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 386-87 (5th Cir. 1978). We so noted in *Pryor*. *Id.* at 288. Here, Williamson filed his Rule 60(b) motion approximately ten months after the district court's entry of judgment, which was clearly well after the time limit for filing a direct appeal.[1]

The district court also considered some of Williamson's arguments under Rule 60(b)(3), specifically whether the failure of his former attorney and/or the defendants to produce a second DVD constituted fraud, misrepresentation, or misconduct. The district court did not abuse its discretion in denying Rule 60(b) relief on these grounds. Williamson did not set out any credible evidence that there was a second DVD, and the defendants certified that there was no such DVD. Additionally, the rule provides for relief from misconduct committed by an adverse party, so any alleged misconduct by Williamson's attorney is irrelevant.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] It is also worth noting with regards to the timeliness of Williamson's motion that under the Federal Rules of Appellate Procedure, the district court may extend the time to file an appeal if the moving party did not receive notice of the entry of judgment, but only if the party files a motion within 180 days after the judgment is entered or within fourteen days of receiving notice, whichever is earlier. FED. R. APP. P. 4(a)(6). Williamson without question did not file his Rule 60(b) motion within either of these time frames.