# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 21, 2011

No. 11-20286
Summary Calendar

Lyle W. Cayce
Clerk

JULIO A. RAMOS,

Plaintiff – Appellant

v.

UNITED STATES OF AMERICA,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-cv-02661

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Julio A. Ramos appeals the district court's denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons given below, we affirm the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1999, the United States charged Julio A. Ramos ("Ramos") with conspiring to possess cocaine and with possessing with the intent to distribute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20286

over five kilograms of cocaine.  In March 2000, Ramos was extradited from the Dominican Republic, and Dominican authorities seized Ramos's property.  A jury found Ramos guilty in November 2001, and Ramos was sentenced to 405 months' imprisonment.

On August 26, 2002, Ramos filed a motion for the return of his property in *Ramos v. United States*, 4:05-cv-02189 (S.D. Tex.).[1]  The district court denied Ramos's motion, as well as his subsequent motion for relief from this judgment under Federal Rule of Civil Procedure 60(b).  On January 5, 2007, this court affirmed the denial of Ramos's motion for return of property and the denial of his motion for relief from judgment.

On July 27, 2010, Ramos filed a *pro se* complaint against the United States in which he again sought the return of the property seized in the Dominican Republic.  *Ramos v. United States*, 4:10-cv-02661 (S.D. Tex.).  Ramos also sought $51,546,000.00 in damages for the seizure of his property.  The district court construed Ramos's complaint as a motion for relief from the district court's order denying Ramos's motion for return of property in *Ramos v. United States*, 4:05-cv-02189 (S.D. Tex. Sept. 13, 2002).  On December 20, 2010, the district court entered an order denying Ramos's request for relief from judgment, holding that the request was barred by *res judicata*.  On April 4, 2011, after the deadline for filing a notice of appeal had passed, Ramos filed a motion for relief of judgment under Rule 60(b), which the district court denied.  Ramos now appeals the district court's denial of his most recent motion for relief from judgment.

## II. DISCUSSION

We review the denial of a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) for an abuse of discretion.  *Frazar v. Ladd*, 457

---

[1] Initially, Ramos's motion for return of property was filed in *United States v. Arredondo*, 4:99-cr-00457, but all the pleadings and orders related to this motion were transferred to *Ramos v. United States*, 4:05-cv-02189.

No. 11-20286

F.3d 432, 435 (5th Cir. 2006). Questions of law underlying a district court's decision are reviewed de novo. *Id.* "The *res judicata* effect of a prior judgment is a question of law . . . ." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). However, our review is "limited to the trial court's denial of the Rule 60(b) motion, and cannot be extended to review the case's underlying merits." *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 159 (5th Cir. 1990) (citation omitted).

"Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999) (footnote omitted); *see also Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) ("[R]es judicata . . . bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication."). For *res judicata* to bar a claim, four requirements must be met: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (footnote omitted). This circuit uses a transactional test to determine whether two cases involve the same claim or cause of action. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* (citation omitted). "The critical issue is whether the two actions are based on the same nucleus of operative facts." *Id.* (internal quotation marks and citations omitted).

A motion under Rule 60(b) is not a substitute for a timely appeal, but provides relief from final judgment based on grounds including "mistake,

No. 11-20286

inadvertence, surprise, or excusable neglect." *See* FED. R. CIV. P. 60(b)(1); *see also Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002). A "mistake" under Rule 60(b)(1) includes judicial errors, but such an error must be a "fundamental misconception of the law," and not merely an erroneous ruling. *See Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983) (internal quotation marks and citation omitted); *see also Grimland, Inc. v. James F. Parker Interests* (*In re Grimland, Inc.*), 243 F.3d 228, 233 (5th Cir. 2001) ("When a judicial decision contains an obvious error of law, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b). The error of law must involve a fundamental misconception of the law . . . .").

Ramos appeals the district court's denial of his motion for relief from judgment under Rule 60(b), arguing that the district court erred by holding that Ramos's claims were barred by *res judicata*. Because of this error, Ramos contends, the denial of his motion for relief from judgment was an abuse of discretion. According to Ramos, the complaint he filed in this case on July 27, 2010, which the district court construed as a motion for relief from judgment, was "starkly different" from his previous pleadings seeking the return of the property seized in the Dominican Republic. Ramos concedes that he previously sought the return of his property but asserts that "he could not have sought compensation for the deprivation of [his property] until evident that his property seized at the behest of the United States would not be returned." Ramos argues that *res judicata* does not bar his claims because the operative facts giving rise to the action did not occur until the previous suit had concluded, citing *Test Masters Educational Services v. Singh*, 428 F.3d 559 (5th Cir. 2005).

Ramos's reliance on *Test Masters*, however, is misplaced. In *Test Masters*, this court observed the following in ruling that the plaintiff's claims were not barred by *res judicata*:

> The operative facts in the first action included: (1) Singh's use and registration of the "TESTMASTERS" trademark, (2) TES's use of the "Test Masters" mark and acquisition of rights to the testmasters.com domain name; and (3) Singh's demand that TES relinquish the testmasters.com domain name. Singh's current claims stem from his allegation that TES (1) posted statements on its website that it was "unfortunately" not holding classes in California thereby suggesting that TES had offered classes in California (TES has never done business in California, whereas California is Singh's main market); (2) falsely claimed that TES was offering classes in the markets outside of California where Testmasters was doing business; (3) created a phantom toll-free phone line for its LSAT classes; and (4) gave students inquiring about California LSAT courses the phone number of an unrelated software company called Testmasters.

*Id.* at 571–72. Further, the facts forming the basis of the second action had not occurred by the time of the previous action. *Id.* at 572. Here, by contrast, all of Ramos's claims seek redress for the same alleged wrong—the seizure of his property in the Dominican Republic. Thus, his claims share the same nucleus of operative facts. Moreover, as this court has observed, it is "[t]he nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, [that] defines the claim." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). When Ramos initially sought the return of his property, he could have also brought a claim for damages related to the seizure. As a consequence, Ramos's added claim for damages does not prevent *res judicata* from barring his claims. To the contrary, as the district court observed: the sole parties in all of Ramos's motions were the United States and Ramos; the district court and this court are courts of competent jurisdiction; the previous orders on his motions were final judgments on the merits; and Ramos has presented the same claim in all of his motions. *Cf. Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 161 (D.D.C. 2011) (holding that the plaintiff's claims related to the seizure of property were barred by *res judicata*

where plaintiff had previously asserted claims based on the same seizure); *Knight v. United States*, No. 06 CV 6581(CBA), 2007 WL 2667455, at *3 (E.D.N.Y. Sept. 6, 2007) (holding that *res judicata* barred a claim for the return of seized property where the plaintiff had previously sought the return of different property taken during the same seizure). Thus, the requirements of *res judicata* have been met, and the district court did not abuse its discretion by denying Ramos's motion for relief from its judgment dismissing Ramos's complaint.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.